1   WO                                                                              MDR

2

3

4

5

6                     **IN THE UNITED STATES DISTRICT COURT**

7                          **FOR THE DISTRICT OF ARIZONA**

8

9   Richard Wiley Amis, Jr.,                    No.   CV 13-8060-PCT-GMS (JFM)

10                        Petitioner,

11  vs.                                         **ORDER**

12  Charles L. Ryan, et al.,

13                        Respondents.

14

15          On March 25, 2013, Petitioner Richard Wiley Amis, Jr., who is confined in the

16  Arizona State Prison-Central Arizona Correctional Facility in Florence, Arizona, filed a

17  *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and an

18  Application to Proceed *In Forma Pauperis*.  In an April 29, 2013 Order, the Court denied

19  the deficient Application to Proceed and gave Petitioner 30 days to either pay the filing

20  fee or file a complete Application to Proceed *In Forma Pauperis*.

21          On May 6, 2013, Petitioner filed a second Application to Proceed *In Forma

22  Pauperis*.  In a May 13, 2013 Order, the Court granted the second Application to Proceed

23  and noted that Petitioner had not signed his Petition.  The Court gave Petitioner 30 days

24  to file a signed Certificate, certifying that Petitioner's signature on the Certificate would

25  serve as an original signature, under penalty of perjury, on his § 2254 Petition for

26  purposes of 28 U.S.C. § 2242, Rule 2(c)(5) of the Rules Governing Section 2254 Cases,

27  Rule 3.5(a) of the Local Rules of Civil Procedure, and Rule 11 of the Federal Rules of

28  Civil Procedure.

On May 16, 2013, Plaintiff submitted the signed Certificate.   The Court will require an answer to the Petition.

**I.     Petition**

Petitioner was convicted in Yavapai County Superior Court, case #V1300820010293, of two counts of sexual assault, two counts of attempted child molestation, one count of child molestation, and one count of sexual conduct with a minor.   He was sentenced to a 60.25-year term of imprisonment.   In his Petition, Petitioner names Charles L. Ryan and Warden John Gay as Respondents and the Arizona Attorney General as an Additional Respondent.   Petitioner raises three grounds for relief.

In Count One, Petitioner contends that he received ineffective assistance of counsel, he was subjected to judicial and prosecutorial misconduct because the judge and prosecutor showed extreme prejudice towards him, he was convicted of a crime that never happened, and his plea was involuntary and constitutes cruel and unusual punishment. In Ground Two, he claims that his rights were violated because he was improperly sentenced and there was a failure to investigate.   He asserts that he was charged with several counts relating to a single crime, that it is impossible to commit an attempted crime and also be charged with the completed crime, that the court abused its authority and multiplied one charge in order to make Petitioner sign a plea agreement, and that the State failed to investigate the case in a professional manner.

In Ground Three, Petitioner claims he was subjected to judicial and prosecutorial misconduct and an obstruction of justice and he received ineffective assistance of counsel.   He asserts that there was no evidence to prove he committed the crimes, the case was based on hearsay and there was no medical evidence to support it, his attorney would not speak on his behalf and did not properly investigate the case, he had "no chance" because of prejudice by the state and the court, and he did not have a chance "against a judicial system that based everything on a plea agreement to save money."

Petitioner asserts that he has presented these issues to the Arizona Supreme Court. The Court will require Respondents to answer the Petition.  28 U.S.C. § 2254(a).

TERMPSREF

## II.     Warnings

### A.     Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.     Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C.     Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondents and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2)     Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  Failure to set forth an affirmative defense in an answer may be treated as a

TERMPSREF

waiver of the defense.  *Day v. McDonough*, 547 U.S. 198, 209-11 (2006).  If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3)     Petitioner may file a reply within 30 days from the date of service of the answer.

(4)     This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 22nd day of July, 2013.

G. Murray Snow
United States District Judge

TERMPSREF

- 4 -