**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Richard Wiley Amis, Jr.,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-13-8060-PCT-GMS (JFM)<br><br>**Report & Recommendation On Petition<br>For Writ Of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 25, 2013 (Doc. 1). On October 18, 2013 Respondents filed their Response (Doc. 16). Petitioner has not filed a reply.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND & PROCEEDINGS AT TRIAL

On June 28, 2001, Petitioner was indicted in Yavapai County Superior Court on 14 charges of sexual misconduct with five different victims under the age of 15, occurring over the preceding six years. (Exhibit A, Indictment.) (Exhibits to the Answer, 16, are referenced hereinafter as "Exhibit ___.") Counsel was appointed, Petitioner was found competent to stand trial, and eventually Petitioner entered into a

1

written Plea Agreement (Exhibit E). (Exhibit B, Evaluation Order; Exhibit C, M.E. 8/21/01.)

Under the Plea Agreement, Petitioner agreed to plead guilty to 4 of the charges, and two lesser included offenses, in exchange for dismissal of the remaining charges, and an agreement not to bring charges as to eight additional victims. (Exhibit E.) Petitioner entered his plea on November 27, 2001, the plea was accepted, and the matter set for sentencing. (Exhibit F, M.E. 11/27/01; Exhibit WW, R.T. 11/27/01.)

A mental health expert was appointed to evaluate Petitioner for sentencing. (Exhibit H, Order 2/13/02.) A Presentence Investigation (Exhibit I) was prepared and reflected a history of learning disabilities. On March 11, 2002, Petitioner was sentenced to consecutive sentences of 5.25, 7, 13 , 13, 15, and 7 years in prison (a combined total of 60.25 years. (Exhibit J, Sentence.)

The prosecution filed a Motion to Correct Sentencing Order (Exhibit L), pointing out that in the written Sentence the credit for time served had been incorrectly applied to each of the counts, not just the first of the consecutive sentences. Consequently, on April 10, 2002, the trial court amended the sentence to limit the credit for time served to only one count. (Exhibit N.)

## B. PROCEEDINGS ON DIRECT APPEAL

As a pleading defendant, Petitioner had no right to file a direct appeal. *See Summers v. Schriro*, 481 F.3d 710, 716-717 (9th Cir. 2007). Petitioner asserts in his Petition that he filed a direct appeal on September 16, 2010, with an Arizona Supreme Court decision being issued March 5, 2013. (Petition, Doc. 1 at 2.) Those are the dates of Petitioner's Notice of PCR in his second PCR proceeding (Exhibit MM at "3"), and the Arizona Supreme Court ruling issued in that PCR proceeding (Exhibit VV). The trial court's docket does not reflect a notice of appeal being filed. (Exhibit ZZ.) Consequently, the undersigned finds that Petitioner did not file a direct appeal, and that references in the Petition to such an appeal are related to the second PCR proceeding.

**C.  PROCEEDINGS ON FIRST, "OF RIGHT" POST-CONVICTION RELIEF**

Petitioner commenced his first PCR proceeding by filing a Notice of Post-Conviction Relief (Exhibit O) on May 13, 2002.  Counsel was appointed, but subsequently moved to withdraw, and substitute counsel was appointed.  (Exhibit P, M.E. 5/14/02; Exhibit Q, Motion; Exhibit R, Order 6/5/02.)  Counsel filed a petition arguing Petitioner's actual innocence of one of the charges.  (Exhibit U, PCR Petition.)  On August 6, 2003, the PCR court summarily denied the petition, finding that Petitioner failed to establish his actual innocence, his new evidence merely asserting an alibi.  (Exhibit DD, Order 8/6/03.)

Petitioner obtained an extension through September 22, 2003 to request a rehearing.  (Exhibit EE, Motion; Exhibit F, Order 8/22/03.)  On September 15, 3003, Petitioner filed *pro se* a Motion for Rehearing (Exhibit GG), which was summarily denied on September 19, 2003 (Exhibit HH, Order 9/19/03).

Forty seven days later, on November 5, 2003, Petitioner filed with the Arizona Court of Appeals a Petition for Review (Exhibit II).  That petition was dismissed as untimely. (Exhibit JJ, Order 11/18/03.)  Petitioner filed a motion for reconsideration (Exhibit KK), arguing that his petition had been filed within 30 days of the ruling on his motion for rehearing, Petitioner having delivered it to prison officials on October 15, 2013.  The court denied the motion for reconsideration, advising Petitioner to argue the issue of delivery to prison officials to the PCR court in a motion for delayed petition for review.  (Exhibit LL, Order 12/8/03.)  Nothing in the record suggests Petitioner did so.

Petitioner alleges in his Petition that he sought review by the Arizona Supreme Court in his first PCR proceeding.  In doing so, however, Petitioner identifies the date of filing of that petition as September 16, 2010.  (Petition, Doc. 1 at 2.)  Thus it appears Petitioner's allegations relate to his second PCR proceeding.  Accordingly, the undersigned finds that Petitioner did not seek further review.

/ /

/ /

**D.  PROCEEDINGS ON SECOND POST-CONVICTION RELIEF**

On October 7, 2010, almost seven years after the denial of his first PCR proceeding, Petitioner filed his second Notice of Post-Conviction Relief (Exhibit MM). The PCR court summarily dismissed the notice on the basis that the petition was untimely as to some claims, and for the others Petitioner had not complied with the requirements of raising them in an untimely petition. (Exhibit NN, Order 10/7/10.) Petitioner filed a Motion for Rehearing (Exhibit OO), which was denied. (Exhibit PP, Order 10/19/10.)

Petitioner then filed a Petition for Review with the Arizona Court of Appeals (Exhibit QQ), which was summarily denied. (Exhibit SS, Order 8/16/12.) Petitioner filed a Motion for Reconsideration, which was rejected as unauthorized. (Exhibit TT, Letter 8/30/12.)

Petitioner filed a Petition for Review with the Arizona Supreme Court (Exhibit UU), which was summarily denied on March 5, 2013. (Exhibit VV, Order 3/5/13.)

**E.  PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 25, 2013 (Doc. 1). Petitioner's Petition asserts the following three grounds for relief, each consisting of multiple claims: (1) ineffective assistance, judicial and prosecutorial misconduct, actual innocence, involuntary plea, and cruel and unusual punishment; (2) improper sentence, failure to investigate at sentencing, multiplicitous and inconsistent charges, judicial coercion to plead, and failure of the prosecution to investigate; and (3) prosecutorial and judicial misconduct, insufficient evidence, hearsay, lack of medical evidence, ineffective assistance in failure to investigate and to speak on Petitioner's behalf, prejudice against him by the state and court, coercion to plead.

**Response** - On October 18, 2013, Respondents filed their Response ("Answer") (Doc. 16). Respondents argue that the Petition is barred by the habeas statute of

limitations, state law claims not cognizable on federal habeas review, waiver by guilty plea, and Petitioner's state remedies on the claims are procedurally defaulted.

**Reply** – The service Order (Doc. 8), gave Petitioner 30 days from service of the answer to reply. That deadline passed some 30 days ago, and Petitioner has not filed a reply.

### III. APPLICATION OF LAW TO FACTS

**A. TIMELINESS**

**1. One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

**2. Commencement of Limitations Period**

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

For Arizona pleading defendants, their opportunity for direct review is an Arizona Rule 32 of-right post conviction relief proceeding. *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007). "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007). "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90

---

[1] Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Petitioner proffers no argument that any of these apply.

days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Here, Petitioner pursued an of-right PCR petition, in his first PCR proceeding, which remained pending through September 19, 2003, when the PCR court denied Petitioner's Motion for Rehearing. (*See* Exhibit HH, Order 9/19/03.) Thereafter, Petitioner had 30 days, or until Monday, October 20, 2003, to file his petition for review by the Arizona Court of Appeals. *See* Ariz. R. Crim. P. 32.9(c) (petition for review must be filed "[w]ithin thirty days after the final decision of the trial court on the petition for post-conviction relief or the motion for rehearing"). Accordingly, Petitioner's conviction became final, and his one year commenced running on October 21, 2003.

Thereafter, Petitioner filed his untimely Petition for Review. Because it was untimely, and rejected as such, it did not extend the commencement of the limitations period. The tolling effect of that proceeding is addressed hereinafter.

It is true that under the prison mailbox rule, a prisoner's filings are deemed "filed" for federal habeas purposes when they are delivered to prison officials for mailing. *See Anthony v. Cambra*, 236 F.3d 568 (9th Cir. 2000). And it is true that Petitioner argued to the Arizona Court of Appeals that he had delivered his petition for review to state officials within the time limit. However, Petitioner failed to establish that fact in state court by seeking an extension of time, as suggested by the Arizona Court of Appeals. Even if this Court could now find that Petitioner had delivered his petition for review to prison officials within the deadline, this Court cannot reverse the holding of the Arizona Court of Appeals that, under its rules, the petition was untimely.

Even if this Court could second guess the Arizona court's ruling, the face of the Petition for Review reflects its receipt by the Yavapai County Superior Court Clerk, Jeanne Hicks, on October 20, 2003. It was apparently then forwarded to the Arizona Court of Appeals, who field it on November 5, 2003. Arizona Rule of Criminal Procedure 32.9(c) directs that the "petition for review…shall be filed in the appellate court." The mailbox rule was implemented because prisoners lack control over the

delays between the delivery of the filing to prison officials, and its actual filing. *See Houston v. Lack*, 487 U.S. 266, 273-74 (1988). As the *Houston* court observed in *dicta*, "[t]he question is one of timing, not destination." *Id.* at 73. The purpose is not to mitigate clerical errors. Therefore, Petitioner cannot benefit from the mailbox rule when the petition was not addressed to the Arizona Court of Appeals, but instead to the trial court, and thus the delay was not attributable to delays by prison officials, but Petitioner's own clerical error.

Moreover, even if Petitioner's conviction were not deemed final until the Arizona Court of Appeals' final rejection of his Petition for Review by denial of his motion for reconsideration on December 8, 2003, his habeas petition would still be over eight years delinquent.

Therefore, Petitioner's one year began running on October 21, 2003, and without any tolling expired on October 20, 2004, making his March 25, 2013 Petition over eight and one half years delinquent.

### 3. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner's petition for review in his first PCR proceeding was filed during the running of his one year. However, that petition was rejected as untimely. Statutory tolling of the habeas limitations period only results from state applications that are "properly filed," and an untimely application is never "properly filed" within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Accordingly, Petitioner is not entitled to any statutory tolling for its pendency.

Petitioner's second PCR proceeding was not commenced until October 11, 2010, when he filed his second Notice of Post-Conviction Relief (Exhibit MM). At that time, Petitioner's one year had been expired for over six years. Once the statute has run, a

subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, Petitioner has no statutory tolling resulting from his second PCR proceeding, and his limitations period expired on October 20, 2004.

**4. Equitable Tolling**

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.). Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner does not proffer any grounds for equitable tolling, and the undersigned finds none.

/ /

### 5. Actual Innocence

The Ninth Circuit has concluded that the habeas statute of limitations is subject to an exception for claims of actual innocence. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). Petitioner makes no such claim in this proceeding.

Petitioner does assert in his Ground Three that there was insufficient evidence to support his convictions. (Petition, Doc. 1 at 7.) However, a finding of "actual innocence" is not to be based upon a finding that insufficient evidence to support the charge was presented at trial, but rather upon affirmative evidence of innocence. *See U.S. v. Ratigan*, 351 F.3d 957 (9th Cir. 2003) (lack of proof of FDIC insurance in a bank robbery case, without evidence that insurance did not exist, not sufficient to establish actual innocence).

Petitioner also alleges in his Ground One that he "was accused of crimes that never happened and material record prove that nothing happened." (Petition, Doc. 1 at 5.) Here, however, Petitioner plead guilty at trial. "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley v. U.S.*, 523 U.S. 614, 624 (1998). Here, the prosecution not only dismissed or reduced a number of the original charges, but agreed not to prosecute on a host of others. Petitioner proffers nothing to suggest that he would be able to show his actual innocence of all these charges.

### 6. Summary re Statute of Limitations

Petitioner's one year habeas limitations period commenced running on October 21, 2003, and expired on October 20, 2004, making his March 25, 2013 Petition over eight years and one half years delinquent. Petitioner has shown no basis for equitable tolling or actual innocence to avoid the effects of his delay. Consequently, the Petition must be dismissed with prejudice.

//

//

**B. OTHER DEFENSES**

Respondents assert that Petitioner has procedurally defaulted on his state remedies on his claims, and that the claims are not cognizable on habeas review. Because the undersigned finds the petition plainly barred under the statute of limitations, these other defenses are not reached.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed March 25, 2013 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the reasoning of this Report and Recommendation is accepted, a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's

right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: December 18, 2013

13-8060r RR 13 12 12 on HC.docx

_____
James F. Metcalf
United States Magistrate Judge